[No. 46062.   En Banc.   April 30, 1979.]

THE STATE OF WASHINGTON, *Petitioner*, v. KENNETH BIANCHI, *Petitioner*, FEDERATED PUBLICATIONS, INC., *Respondent.*

*Dean Brett* (of *Brett, Brinn & Daugert*), *John Strait,* and *David S. McEachran, Prosecuting Attorney,* for petitioners.

*John S. Ludwigson* (of *McCush, Kingsbury, O'Connor, Ludwigson, Thompson & Hayes*), for respondent.

UTTER, C.J.—Both the defense and the prosecution appeal from a Superior Court order permitting The Bellingham Herald to intervene for limited purposes in a highly publicized criminal action. We hold that such intervention in a criminal proceeding is improper.

In January 1979, the defendant, Kenneth A. Bianchi, was arrested and charged with two counts of first–degree murder. Interest in the case was heightened by speculation in the press as to a connection between the defendant and

unsolved homicides in another state. In order to ensure the defendant's right to a fair trial, both the prosecution and the defense moved the Superior Court for a protective order sealing the affidavit of probable cause determination. The motion was granted. The Bellingham Herald then moved to intervene for the limited purpose of contesting the order limiting access of the public and the newspaper to the affidavit of probable cause determination. The Superior Court granted the Herald's motion.

In deciding to allow the Herald to intervene for limited purposes, the Superior Court appears to have been primarily motivated by a desire to provide a forum for the Herald to assert its First Amendment rights. We agree that the press has important and valid reasons for seeking access to records in criminal proceedings. It is generally through the news media that the citizenry is kept informed as to the conduct of the judicial system, including the administration of criminal justice. Of course, the Herald's First Amendment rights must be balanced with the defendant's Sixth Amendment right to a fair trial. The issue in this case, however, is not the striking of a balance between the competing interests, but rather a determination of the means available to the press for securing a forum in which to assert First Amendment rights when court records are ordered sealed. Intervention in a pending criminal proceeding is not a proper means of securing such a forum.

There is no rule, statute, or precedent in this state that would allow a third party to intervene in a criminal proceeding. The Washington rules of criminal procedure make no provision for such intervention. Intervention of right is provided for in civil cases only if the intervening party claims "an interest relating to the property or transaction which is the subject of the action". Washington Superior Court Civil Rule 24. The only purpose of a criminal trial is the legal determination of the defendant's guilt or innocence. The Herald has no direct interest in this determination to justify its intervention and the disruption

of the pending criminal proceedings inherent in the intervention process. The Herald's remedy must therefore lie in a separate action for declaratory judgment, mandamus, or prohibition.

Other jurisdictions faced with this issue have reached the same conclusion. The Fourth Circuit, considering a similar situation, treated an appeal by members of the press as a petition for mandamus and denied relief. *Central S.C. Chapter, Society of Professional Journalists v. United States Dist. Ct.,* 551 F.2d 559 (4th Cir. 1977). There, the district court judge had entered a pretrial order in a highly publicized criminal trial against a United States Senator. This order regulated the conduct of participants in the trial, particularly as related to contacts with the press, and the seating of the press in the courtroom. The Fourth Circuit dismissed the Society's attempted appeal from the district court's order, stating at pages 563–65:

> It is clear that the society should not participate in a case to which it is not a party. Even in civil cases, intervention requires an interest in the transaction or property before the court. FRCP 24. But the Society has no interest in the determination of the defendant's guilt or innocence to justify its intervention. . . .
>
> . . .
>
> . . . Since we find nothing in the criminal law or rules permitting the Society to intervene in this case, to introduce collateral issues, and to disrupt the pending criminal trial, we dismiss the appeal.

The Supreme Court of Nebraska held that the press had no standing to intervene in the criminal case against a defendant accused of heinous crimes. *State v. Simants,* 194 Neb. 783, 236 N.W.2d 794 (1975), *rev'd on other grounds sub nom. Nebraska Press Ass'n v. Stuart,* 427 U.S. 539, 49 L. Ed. 2d 683, 96 S. Ct. 2791 (1976). The trial court had entered a restrictive order relating to pretrial publicity in the mass murder case. Although members of the press brought an original action in mandamus, they also appealed from the trial court's order. In deciding whether or not the press had standing to intervene, the court held, at page 788:

No third party has any right to intervene in a criminal prosecution. The matter at issue in such cases is the guilt or innocence of the accused. In legal contemplation no third party "has or can claim an interest in the matter in litigation, in the success of either of the parties to [the] action, or against both." This is the standard applicable to the right to intervene. . . . Accordingly, the appeal . . . is dismissed.

In *Gannett Pac. Corp. v. Richardson,* 59 Haw. 224, 580 P.2d 49 (1978), the Hawaii Supreme Court also rejected attempts by representatives of the news media to intervene in pretrial stages of a criminal action. In determining whether and to what extent an interested member of the public may participate in such proceedings, the court held, citing *Society of Professional Journalists* and *Simants,* that

there is no rule, statute, or precedent that allows such participation. The Hawaii Rules of Penal Procedure make no provision for nonparty intervention in criminal proceedings, and the adjudicated cases hold that a third party is not entitled to intervene in a criminal prosecution on the ground that he has no direct interest in the determination of the guilt or innocence of the accused to justify his intervention. . . . To permit a third party to intervene would "unnecessarily encumber pending litigation and invite the entry of 'nonparty–parties' when the right or interest sought to be enforced is not directly involved in the subject matter of the pending proceeding."

*Gannett Pac. Corp. v. Richardson, supra* at 57–58.

We note with approval the conscientiousness of all parties involved in this criminal proceeding with respect to adherence to the Bench–Bar–Press Principles and Guidelines which were voluntarily adopted by the member organizations of the Bench–Bar–Press Committee of Washington. The actions of all persons involved here—the trial court judge, counsel for both the defense and the prosecution, and The Bellingham Herald and its counsel—demonstrate a sincere commitment to comply with both the letter and the spirit of the guidelines and principles. This

commitment, especially in view of the great potential for sensationalism in this case, has been noteworthy.

The order of the trial court permitting the Herald to intervene in the criminal prosecution of Kenneth A. Bianchi is reversed.

ROSELLINI, STAFFORD, WRIGHT, BRACHTENBACH, HORO-WITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.