[No. 32922-7-I.    Division One.    May 1, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. DONALD A. WIENS, *Appellant*.

*Tom P. Conom,* for appellant.

*James H. Krider, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for respondent.

BECKER, J. — We here review a challenge to the statute authorizing victims of crime to enforce restitution orders as if they were civil judgments. The Appellant contends the statute, RCW 9.94A.145(4), is inconsistent with various constitutional, statutory, and criminal rule provisions. We find no flaw in the statute, or the court's application of it, and affirm.

While driving intoxicated on New Year's Eve, 1990, Donald Wiens caused an automobile accident which incapacitated Leslie Shockley. Wiens later pleaded guilty to felony vehicular assault. At sentencing, the court ordered Wiens to pay restitution to Shockley and her two children.

At a hearing on May 1, 1992, the State, Wiens, and the Shockleys agreed that restitution would be set at $32,000. If Wiens' insurer did not pay this amount before December 1, 1992, Wiens would be personally liable for the same amount. The court adopted the parties' agreement as its restitution order.

Wiens' insurance company did not tender $32,000 to the court before December 1, 1992, as contemplated in the restitution order. In February, 1993, the Shockleys initiated collection procedures against Wiens personally under authority of RCW 9.94A.145(4). Ex parte, they obtained writs of garnishment against Wiens' credit union account. Wiens assigns

error to the trial court's refusal to quash the writs and related rulings.

In 1988, this court considered whether state law authorizes civil enforcement of restitution orders, and concluded such authority could not be implied in the absence of a statute. *State v. Nelson*, 53 Wn. App. 128, 140, 766 P.2d 471 (1988). The Legislature responded by promptly enacting the statute Wiens now challenges. Laws of 1989, ch. 252, § 3. RCW 9.94A.145(4) provides in part:

> All legal financial obligations that are ordered as a result of a conviction for a felony, may also be enforced in the same manner as a judgment in a civil action by the party or entity to whom the legal financial obligation is owed. . . .

"[L]egal financial obligations" may include the payment of restitution to victims. RCW 9.94A.030(10).

Wiens first contends that RCW 9.94A.145(4) violates state constitutional requirements for criminal prosecutions. The constitution provides:

> The style of all process shall be, "The State of Washington," and all prosecutions shall be conducted in its name and by its authority.

Const. art. 4, § 27. The writs of garnishment in this case did name the State of Washington as Plaintiff. This is sufficient for compliance with the requirement for style of process. The fact that the Shockleys also appeared in the caption as "Judgment Creditors" does not alter this conclusion.

Wiens argues that RCW 9.94A.145(4) infringes on the State's sole authority to prosecute criminal actions, relying on *State v. Bianchi*, 92 Wn.2d 91, 593 P.2d 1330 (1979). In *Bianchi*, the Bellingham Herald sought to intervene in a criminal action in order to gain access to certain sealed documents. Denying a right of intervention, the court explained that the only purpose of a criminal trial is to determine the defendant's guilt or innocence.

> The Herald has no direct interest in this determination to justify its intervention and the disruption of the pending criminal proceedings inherent in the intervention process. The Herald's remedy must therefore lie in a separate action for declaratory judgment, mandamus, or prohibition.

*Bianchi*, at 92-93. The court further noted, "There is no rule, statute, or precedent in this state that would allow a third party to intervene in a criminal proceeding." *Bianchi*, at 92.

■ In contrast to the situation in *Bianchi*, the victims in this case acted under the specific authority of state legislation. Because the victims are authorized to act only *after* the offender is convicted and sentenced, the "intervention" in question does not interfere with the State's constitutional authority to prosecute criminal actions. Indeed, this sort of intervention can only serve the State's aims by enhancing the enforceability of restitution orders. *See United States v. Brown*, 744 F.2d 905, 910 (2d Cir.), *cert. denied*, 469 U.S. 1089, 83 L. Ed. 2d 708, 105 S. Ct. 599 (1984). Because the State retains full authority over the criminal prosecution and sentencing of the defendant, we conclude that the civil enforcement procedures authorized by RCW 9.94A.145(4) do not violate article 4, section 27.

Wiens next contends that RCW 9.94A.145(4) violates article 2, section 19 of our constitution, which provides:

> No bill shall embrace more than one subject, and that shall be expressed in the title.

Wiens contends that RCW 9.94A.145(4) is void because the title of its enacting legislation did not make any mention of civil procedure.

■■ Article 2, section 19 is not violated so long as there is a "rational unity" between a bill's title and its contents. *Kueckelhan v. Federal Old Line Ins. Co.*, 69 Wn.2d 392, 403, 418 P.2d 443 (1966). RCW 9.94A.145(4) was enacted as part of "AN ACT Relating to offenders' legal financial obligations". Laws of 1989, ch. 252, p. 1170. This title gives accurate notice of the contents of RCW 9.94A.145(4). The act does not violate article 2, section 19.

■■ Next, Wiens contends that RCW 9.94A.145(4) is a "private or special" law. The constitution provides, "The legislature is prohibited from enacting any private or special laws". Const. art. 2, § 28. "Special laws relate to particular persons or things, while general laws operate upon all persons or things constituting a class." *Convention Ctr. Coali-*

*tion v. Seattle*, 107 Wn.2d 370, 380, 730 P.2d 636 (1986). RCW 9.94A.145(4) operates upon classes (felony criminals and their victims) rather than "particular persons". It is not a private or special law.

■■ Wiens next contends that RCW 9.94A.145(4) violates the constitutional provision that "No conviction shall work corruption of blood, nor forfeiture of estate." Const. art. 1, § 15. But under this section, a conviction only works a prohibited forfeiture if it incapacitates the convict from owning property.

> It does not prohibit forfeiture for a variety of other rational and legitimate purposes, such as punishing the defendant to a degree commensurate with the crimes (fines); rehabilitating the defendant by requiring restitution or other monetary payments . . .; or depriving the defendant of the fruits or instrumentalities of the crime.

*State v. Young*, 63 Wn. App. 324, 329, 818 P.2d 1375 (1991). RCW 9.94A.145(4) does not incapacitate criminal offenders from owning property due to their conviction. Rather, the statute serves the legitimate purposes of punishing the offender and providing restitution to the victims. We conclude that the statute does not violate article 1, section 15.

■ Wiens next contends that his due process rights were violated when the court issued the writs of garnishment without first holding a hearing and entering a finding of noncompliance as required under RCW 9.94A.200. That statute sets forth certain procedures which the court must follow before modifying a sentence or imposing further punishment. Here, the trial court permitted the Shockleys to collect from Wiens under the terms of the existing restitution order. Because the court did not "modify" its earlier judgment or impose "further" punishment on the Defendant, the court correctly concluded that RCW 9.94A.200 did not apply. The procedure for garnishment has its own notice requirements as a safeguard for due process. These requirements were satisfied.

■ Wiens contends the writs of garnishment were void because the trial court did not have jurisdiction over the Shockleys. We disagree. Trial courts have statutory authority to order restitution payments to victims. RCW 9.94A-

.120(16); *State v. Davison*, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991). RCW 9.94A.145(4) grants victims the right to participate in enforcement of such orders. When the Shockleys appeared in court, invoking the statute, the court acquired jurisdiction over them for the purpose of enforcing the restitution order.

Finally, Wiens contends that RCW 9.94A.145 is void because its procedures conflict with the criminal rules. CrR 1.1 provides that the criminal rules "supersede all procedural statutes and rules that may be in conflict". Wiens has not identified any criminal rule which forbids the civil enforcement of criminal judgments. In Wiens' view, a conflict arises under CrR 1.1 whenever the criminal rules do not expressly authorize the practice in question. But rules of court and statutory provisions should be harmonized whenever possible. "[A]n interpretation which gives effect to both provisions is the preferred interpretation." *Emwright v. King Cy.*, 96 Wn.2d 538, 543, 637 P.2d 656 (1981). Because no criminal rule prohibits or conflicts with the procedures authorized in RCW 9.94A.145(4), the rules do not supersede the statute.

Affirmed.

KENNEDY, A.C.J., and PEKELIS, J. Pro Tem., concur.

Review denied at 127 Wn.2d 1021 (1995).