[No. 34077-8-I. Division One. May 1, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. PEDRO ANGULO, *Appellant*.

*Lorraine Lee* of *Washington Appellate Defender Association*, for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Peter J. Stokstad, Deputy,* for respondent.

WEBSTER, J. — Pedro Angulo appeals the modification of his judgment and sentence. In the modification, the trial court required Angulo to pay $2,118.71 of his restitution obligation within 30 days, and refused to return a like amount belonging to Angulo and used as evidence at trial. We reverse.

## FACTS

Pedro Angulo was convicted of first degree assault and cocaine possession. Before sentencing, Angulo moved the Superior Court for return of trial exhibits 75, 76, and 77, which contained a total of $2,118.71. The trial court's disposition is not part of the record, but evidently it denied the motion without prejudice. The judgment and sentence imposed 92 months' confinement, $2,627.06 in court costs, a $1,000 fine, and set a hearing to determine restitution. The judgment and sentence ordered Angulo to pay all financial obligations "[o]n a schedule established by the defendant's Community Corrections officer", because "the defendant is capable of making payments on release from custody". The subsequent restitution order required Angulo to pay $530 to Thomas Bacon and $5,311.14 to Seattle's Industrial Insurance Department.

Angulo unsuccessfully appealed his conviction. While Angulo was still incarcerated, the prosecutor moved in Superior Court to apply exhibits 75, 76, and 77 to Angulo's restitution obligation. Angulo, renewing his motion for return of the exhibits, argued the court lacked authority to modify the judgment and sentence. The prosecutor agreed that applying the $2,118.71 to the restitution obligation constituted a modification of the payment schedule. The court modified the judgment and sentence by requiring Angulo to pay $2,118.71 toward his court-ordered financial obligations within 30 days. The order allows him to pay by authorizing the transfer of exhibits 75 through 77 to the court. Pending authorization from Angulo, the court retained custody of the

$2,118.71. Angulo appeals the court's modification of his judgment and sentence.

## Applicable Law and Standard of Review

██ Washington's determinate sentencing law provides a range of punishments including court-ordered legal financial obligations. Financial obligations include restitution, court costs, and fines. RCW 9.94A.030(10). Criminal restitution, "the requirement that the offender pay a specific sum of money over a specific period of time to the court as payment of damages", is the subject matter of this case. Former RCW 9.94A.030(27). Setting and enforcing restitution obligations require statutory authority; court action without such authority is void. *State v. Smith*, 119 Wn.2d 385, 389, 831 P.2d 1082 (1992); *State v. Lewis*, 57 Wn. App. 921, 924, 791 P.2d 250 (1990). The standard of review is de novo. *Draper Mach. Works, Inc. v. Department of Natural Resources*, 117 Wn.2d 306, 311, 815 P.2d 770 (1991).

## Discussion

Two distinct issues are presented. First, did the court have authority to modify the judgment and sentence by changing the restitution payment schedule. Second, was enforcement appropriate in the absence of a modification. We hold the court had no authority to modify the judgment and sentence, and without modification, the judgment had no current obligation upon which enforcement could occur. Therefore, we will not address the method of enforcement utilized.[1]

The parties agree that the trial court modified Angulo's sentence and judgment by changing the restitution payment schedule. The State contends the order was justified by RCW 9.94A.145(4), which provides:

> All legal financial obligations that are ordered as a result of a conviction for a felony, may also be enforced in the same manner as a judgment in a civil action by the party or entity to whom the legal financial obligation is owed.

---

[1] RCW 9.94A.145(4) authorizes enforcement "in the same manner as a judgment in a civil action". *See, e.g., State v. Wiens*, 77 Wn. App. 651, 894 P.2d 569 (1995); CR 69; RCW 6.17, 6.27. The Department of Corrections also has a variety of enforcement tools, including payroll deduction and orders to deliver property. RCW 9.94A.200010, .200030.

Angulo contends RCW 9.94A.145(4) is inapplicable because it took effect July 1, 1990, and operates prospectively. Laws of 1989, ch. 252, §§ 3, 27, 30. In 1991, however, the Legislature amended RCW 9.94A.145 and Laws of 1989, ch. 252, § 3, and made the amended statutory sections retroactive and applicable to any actions commenced but not final before the May 9, 1991, effective date. Laws of 1991, ch. 93, §§ 2, 15, 16. The action against Angulo was commenced no later than the January 9, 1990, information, and was final no earlier than this court's October 1993 mandate. Therefore, RCW 9.94A.145 applies to this case.

RCW 9.94A.145(4) does not, however, support the trial court's order. First, the statute allows *enforcement* "by the party or entity to whom the legal financial obligation is owed". RCW 9.94A.145(4). While "legal financial obligations" include restitution, fines, and costs, restitution has priority over other obligations. RCW 9.94A.030(10), former RCW 9.94A.120(10). In other words, all money received from an offender must first be applied to restitution obligations. Angulo's restitution order establishes restitution obligations of $530 to Thomas Bacon and $5,311.14 to Seattle's Industrial Insurance Department. Fines and costs, but not restitution, were ordered in favor of the State. If $2,118.71 had been collected from Angulo, it would have been applied to his restitution obligation. Because the State would not have received any of the fines or costs which it was owed, the State was not an "entity to whom the legal financial obligation is owed" for purposes of the December 1993 hearings.

Second, the judgment and sentence required payments on "a schedule established by the defendant's Community Corrections officer", upon Angulo's release. The judgment is criminal in origin, and susceptible of civil or criminal enforcement, but because the obligation to pay was deferred, there was *no* amount owed upon which enforcement could occur in December 1993 because Angulo was still incarcerated. *See State v. Barklind*, 12 Wn. App. 818, 823, 532 P.2d 633 (1975) (defendant who, as condition of probation, was ordered to pay $150 when he had the financial ability was

"not a judgment debtor in the ordinary sense") *aff'd*, 87 Wn.2d 814, 557 P.2d 314 (1976). Most importantly, nothing in RCW 9.94A.145(4) allows *modification* of the payment schedule contained in the judgment and sentence. Because RCW 9.94A.145(4) did not authorize the modification, there was nothing to enforce.

The second statute upon which the State relies is RCW 10.82.010:

> Upon a judgment for fine and costs, and for all adjudged costs, execution shall be issued against the property of the defendant, and returned in the same manner as in civil actions.

The statute addresses fines and costs, and does not authorize *enforcement* of a restitution order. *State v. Nelson*, 53 Wn. App. 128, 138, 766 P.2d 471 (1988). Even assuming applicability of RCW 10.82.010, Angulo's fines and costs were also deferred and therefore not due in December 1993. Critically, RCW 10.82.010, like RCW 9.94A.145(4), is an enforcement provision which does not authorize modifying the restitution payment schedule.

Having concluded that the above enforcement provisions do not authorize a modification, we will examine two other provisions to determine whether the trial court had authority to modify Angulo's payment schedule. First, restitution orders can be modified when "there has been a change in circumstances that warrants an amendment of the monthly payment schedule." RCW 9.94A.142(1), .145(7); *see also State v. Krall*, 125 Wn.2d 146, 148, 881 P.2d 1040 (1994). There was no change in circumstance because Angulo sought return of his money *before* entry of judgment and sentence, and the court presumably understood the potential availability of the money when setting the payment schedule. RCW 9.94A.142(1). Second, restitution orders may be amended upon violation of a condition or requirement of the offender's sentence. RCW 9.94A.200(1), (2). There is no evidence Angulo violated a condition or requirement of his sentence. Therefore, neither RCW 9.94A.142(1) nor RCW 9.94A.200 authorizes the modification ordered.

In conclusion, there is no statutory authority supporting the modification. Without a modification, no amount was owing at the time of the State's motion. Because no amount

was owing, enforcement was inappropriate. The modification and attempted enforcement must be vacated.

 Angulo contends he is entitled to return of the exhibits. The State does not contest Angulo's rightful ownership;[2] it does not argue that it pursued forfeiture, or that the money is contraband. Because legally seized property must be returned when no longer needed for evidence, the court had no authority to retain Angulo's property, and Angulo is entitled to its return. *State v. Alaway*, 64 Wn. App. 796, 798, 828 P.2d 591, *review denied*, 119 Wn.2d 1016 (1992); CrR 2.3(e).

The trial court is reversed, and the case is remanded with instructions to (1) vacate the modification order, and (2) order prompt return of Angulo's property.

BAKER, C.J., and AGID, J., concur.

---

[2]Hence, no further evidentiary hearing is necessary. *Cf. State v. Marks*, 114 Wn.2d 724, 736, 790 P.2d 138 (1990).