[No. 32508-6-I. Division One. December 18, 1995.]

THE CITY OF SEATTLE, *Respondent*, v. MIKE AGRELLAS, ET AL., *Petitioners.*

Kevin R. Cole of *Washington Appellate Defender Association*; *Eric Broman* and *Nielsen & Acosta*; and *Jeanette Brinster* of *Northwest Defenders Association*, for petitioners.

*Mark H. Sidran, City Attorney*, and *Margaret M. Boyle, Assistant*, for respondent.

AGID, J. — Mike Agrellas, Robert Canamar, and Raul Miranda (the Appellants) appeal a superior court order granting a stay and issuing a writ of certiorari to review certain pretrial rulings made by the municipal court in proceedings against the Appellants and 10 others stemming from charges of obstructing a police officer and criminal trespass. The City cross-appeals the court's subsequent order dissolving the writ, lifting the stay, and ordering that any appeal of the pretrial rulings be reserved for the regular appeal process under the Rules for Appeal of Decisions of Courts of Limited Jurisdiction (RALJs). We conclude that the City's petition for the writ was untimely and that the superior court had no jurisdiction to issue the writ or stay speedy trial. Because it is clear from the record that the Appellants' speedy trial periods have run, we dismiss the cases.

## FACTS

The City of Seattle charged the Appellants, along with 10 others, in municipal court with criminal trespass and

obstructing a police officer. The charges stemmed from a demonstration at the Pacific Hotel designed to heighten public awareness of the plight of the homeless in Seattle. Twenty-six people were arrested; 13 of them set their cases for trial. Those cases were joined. The Honorable Russ Aoki held a pretrial hearing on various motions filed by the Appellants. At the conclusion of the hearing, Judge Aoki entered written orders ruling that: (1) the defendants would be permitted to present a necessity defense at trial; (2) the jury would be instructed to determine, as to the obstructing charge, whether the officers were acting lawfully in a governmental capacity; and (3) "should the defense present some credible evidence of a good faith belief in abandonment, then the City shall have the burden of proving the lack of that good faith belief beyond a reasonable doubt."

Without notice to the Appellants, the City filed an application for writ of certiorari in superior court challenging the pretrial rulings and naming only Judge Russ Aoki as a defendant. The superior court issued an ex parte show cause order staying the Appellants' speedy trial periods and directing Judge Aoki to appear and show cause why the writ should not be issued. The superior court later modified the order to allow Judge Aoki to waive his appearance at the show cause hearing.

The Appellants did not receive notice of either the application for the writ or the date and time for the show cause hearing. None of them appeared at the hearing. The superior court issued the writ and ordered all proceedings stayed pending disposition of the matter. After the writ was issued, the City sent notice to the Appellants and the other defendants indicating that the writ had been issued and the proceedings had been stayed. According to the Appellants, this was the first written notice of the writ proceedings they received.

The Appellants then moved to intervene and dismiss the writ, arguing that the application for the writ was untimely and the City improperly failed to join the

Appellants in the writ proceeding.[1] The superior court granted the motion to intervene and reserved ruling on the motion to dismiss. After hearing argument on the merits of the writ, the court issued an order, dated April 6, 1993, dissolving the writ and declining to reach the merits. The order states in part:

> The defendants have not all made an appearance in the case on review, defendants are cited with diverse charges, and defenses to those charges are in conflict with other defendants similarly charged. It further appears some issues are not ripe for review.

> The difficulty this court had in scheduling a hearing on the merits on these eleven cases, providing notice, and then having only two defendants represented at that hearing leads this court to believe that the writ procedure does not lend itself to proper review of the pre-trial rulings.

> This court has earlier ruled that a writ procedure is proper in a request for review of pre-trial rulings in lower court proceedings. The writ in this case was not frivolously sought.

> However, based on this court['s] review of the transcript of the lower court proceedings, it is the court's judgment that the writ at this time should be dissolved, the stay of proceedings in the above listed City of Seattle cause numbers lifted, and questions concerning Judge Aoki's pre-trial rulings be reserved for the regular appeal process for courts of lower jurisdiction without prejudice to the City.

> This matter is remanded to the lower court for further proceedings and trial.

The Appellants filed a motion for discretionary review of the trial court's order denying their motion to dismiss the writ, arguing that its decision deprived them of their right to a speedy trial. The City filed a cross-motion to review the court's decision dismissing the writ without

---

[1]Although 13 individuals were involved in the underlying criminal trial, only three were represented at the ensuing hearing on the merits of the writ. These three defendants are the Appellants here—Agrellas, Canamar and Miranda.

reaching the merits. We granted both motions, and dismiss the cases because the speedy trial period has expired.

## DISCUSSION

The Appellants argue that the court should have dismissed the City's application for the writ because the application was untimely.[2] They claim that the time period for filing an application for writ of certiorari is governed by RALJ 2.5(a), CRLJ 73, and CrRLJ 9.1 and, therefore, the application must be made within 14 days following entry of the decisions sought to be reviewed. We agree.

■ The statute providing for writs of certiorari, RCW 7.16.040,[3] establishes no time limit within which applications for writs must be filed. It has long been the rule that a writ of certiorari should be "applied for within a reasonable time after the act complained of has been done."[4] In cases arising from courts or other judicial or quasi-judicial proceedings, a "reasonable time" has been construed to mean that "certiorari must be brought within the time allowable for an appeal as prescribed by statute or rule of court."[5]

■ The relevant period here, then, is the time allowable for an appeal from a decision of the municipal court. Generally, an appeal of a final decision of a court of

[2]Even though the writ was ultimately dismissed before the court reached the merits, the Appellants claim they were injured by the superior court's granting the writ because it lacked jurisdiction to stay the municipal court proceedings. If the stay was issued without jurisdiction to do so, the Appellants' speedy trial periods have expired.

[3]RCW 7.16.040 provides: "A writ of review shall be granted by any court, except a municipal or district court, when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law."

[4]*State ex rel. Home Tel. & Tel. Co. v. Kuykendall*, 134 Wash. 620, 622, 236 P. 99 (1925).

[5]*Akada v. Park 12-01 Corp.*, 103 Wn.2d 717, 719, 695 P.2d 994 (1985).

limited jurisdiction defined in RALJ 1.1(a),[6] must be filed in superior court within 14 days after entry of the decision of which review is being sought. RALJ 2.5(a). Similarly, in civil and de novo criminal appeals from courts of limited jurisdiction, a notice of appeal must be filed within 14 days after a judgment is rendered or a decision made. CRLJ 73(b); CrRLJ 9.1(c). It follows, and we so hold, that applications for writs of certiorari to the superior court to review an interlocutory decision of a court of limited jurisdiction must also be filed within 14 days after entry of the decision of which review is sought.

The City contends, and the trial court found, that the Rules of Appellate Procedure (RAPs), specifically RAP 2.3 and RAP 5.2(a), are more analogous when a party seeks interlocutory review. The former provides for discretionary review of superior court orders not appealable as of right, and the latter requires that a notice of appeal be filed within 30 days after entry of the decision of which review is sought. We disagree with the City and the trial court that the RAPs are the appropriate rules from which to find an analogous appeal period under these circumstances. It defies logic to borrow a 30-day appeal period from completely unrelated rules of appellate procedure when every other appeal from district to superior court is governed by a 14-day appeal period.[7]

The cases upon which the City relies in support of its argument that the 30-day appeal period found in the RAPs applies are inapposite. In those cases, such as *Akada v.*

---

[6]RALJ 1.1(a) provides that the RALJs apply only to review of "(1) district courts operating under RCW 3.30; (2) municipal departments operating under RCW 3.46; (3) alternative municipal courts operating under RCW 3.50 in municipalities exceeding 5,000 in population; (4) municipal courts operating under RCW 35.20; (5) all other courts operating under RCW Title 35 or 35A in municipalities exceeding 5,000 in population; and (6) any other court required by law to have a lawyer judge."

[7]We note that the City also failed to comply with RAP 5.4(b) requiring timely service of the notice on opposing parties. This failure considerably weakens its argument that the RAPs apply here.

*Park 12-01 Corp.*,[8] there was no limitations period that applied to the issue on appeal, and analogous limitations periods were conflicting.[9] Here, by contrast, all appeals from district to superior court are governed by the same 14-day appeal period. Thus, unlike *Akada* and the other cases cited, this case does not present us with conflicting analogous limitations periods, and we need not apply the principle favoring the longer of two analogous periods.[10]

The City filed its application for a writ of certiorari 28 days after the pretrial rulings from which it sought review. Because the application must be filed within 14 days of the issuance of the rulings at issue, the City's application was untimely. The superior court was therefore without jurisdiction to issue the writ and to stay the Appellants' speedy trial periods. It is clear from the record before us that the Appellants' speedy trial periods have run. Accordingly, we dismiss the cases.

The Appellants also claim the trial court erred by issuing the writ because the City failed to join the Appellants in the writ proceeding and did not give them notice of the writ until after it was issued. We agree.

■ Although RCW 7.16.050 allows the court to issue writs of certiorari ex parte,[11] the statute does not permit a court to ignore fundamental principles of due process. "An essential ingredient of due process is notice."[12] In the criminal context, due process requires that a criminal defendant be given notice prior to deprivation of a

---

[8]103 Wn.2d 717, 695 P.2d 994 (1985).

[9]*See also Bothell v. King County*, 45 Wn. App. 4, 723 P.2d 547 (1986); *Concerned & Organized Women & People Opposed to Offensive Proposals, Inc. v. City of Arlington*, 69 Wn. App. 209, 847 P.2d 963, *review denied*, 122 Wn.2d 1014 (1993).

[10]*Bothell*, 45 Wn. App. at 11.

[11]RCW 7.16.050 provides: "The application must be made on affidavit by the party beneficially interested, and the court may require a notice of the application to be given to the adverse party, or may grant an order to show cause why it should not be allowed, or may grant the writ without notice."

[12]*In re Cashaw*, 68 Wn. App. 112, 124, 839 P.2d 332 (1992), *aff'd*, 123 Wn.2d 138, 866 P.2d 8 (1994).

substantial right.[13] In conjunction with their application for the writ, the City asked the trial court to stay the Appellants' speedy trial periods until it resolved the issues raised by the writ. Because writ impacted the Appellants' right to a speedy trial, they were entitled to notice of the proceeding when it was initiated, not after the writ had issued.[14]

We dismiss the cases because the City's application for the writ of certiorari was untimely and it is clear from the record before us that the Appellants' speedy trial periods have expired.

KENNEDY, A.C.J., and ELLINGTON, J., concur.

---

[13]*See State v. Fleming*, 41 Wn. App. 33, 35-36, 701 P.2d 815 (1985).

[14]We also reject the City's argument that the Appellants' intervention into the proceedings after the writ issued but prior to the hearing on the merits converted the Appellants into original parties to the action and rendered harmless any error arising out of the City's failure to join them initially. Had the superior court been faced with all of the defendants and the arguments that ultimately led to the court's decision to "dissolve" the writ, the court might not have issued it in the first place. If the writ had not issued, the Appellants' speedy trial rights would not have been violated, and this litigation would not have been necessary.