[No. 42812-8-I.   Division One.   August 30, 1999.]
THE STATE OF WASHINGTON, *Appellant*, v. ELIZABETH A. EDELMAN, *Respondent*.

162

*Norm Maleng, Prosecuting Attorney*, and *Lynn S. Prunhuber, Deputy*, for appellant.

*James Francis Pleasants*, for respondent.

COLEMAN, J. — The primary issue presented in this case is whether a court has the authority to modify a restitution order entered under RCW 9.94A.142 to provide for payment to a victim's estate after the victim has passed away. The State appeals the trial court's orders dismissing its motion to sanction Elizabeth Edelman for noncompliance

with a restitution order after the death of the named recipient and denying a motion to amend the order. We hold that a defendant's restitution obligation does not automatically end when a victim dies and that the statutes permit the modification of a restitution order to provide for payments to the victim's estate. We conclude that the court erred in finding it did not have the jurisdiction to continue restitution in this case and in dismissing the State's motion for sanctions. Therefore, we reverse.

## FACTS

In 1990, Elizabeth Edelman was convicted of first degree theft. As part of her sentence, she was ordered to pay $51,600 to the victim of her crime, Fred Sharp, as restitution. The sentence directed Edelman to make payments of at least $200 per month to the court clerk.

In 1996, Edelman failed to submit a financial declaration requested by her community corrections officer (CCO). The court ordered her to meet with her CCO to review her payment schedule. In January 1997, Edelman's sentence was modified to require payments of $250 per month.

Before Edelman's sentence was modified, Fred Sharp died. When Edelman learned that Sharp had passed away, she informed the court clerk and the Department of Corrections that Sharp was dead. The Department told Edelman that she should go back to court "to ask that the restitution stop, and that the case be closed." But in May 1997, Edelman stopped making payments. In court documents, she explained that she ceased making payments because she "thought the restitution was just for [Sharp]."

In June 1997, the court entered an amended order ex parte that directed payments to Sharp's estate. Nothing in the record indicates that Edelman received notice of the amendment before it was entered. Edelman made one payment in August 1997 under the amended order, but then stopped.

Edelman did not return a financial declaration for 1997 and missed a total of ten payments through March 1998.

She had paid $12,590.50 toward her restitution obligation. In March 1998, the State moved to modify Edelman's sentence to include sanctions for sentence violations, citing the ten payments she had missed and her failure to return a 1997 financial declaration. In support of its motion, the State acknowledged that the restitution order had been amended ex parte by mistake but argued that Edelman had to continue paying restitution under the amended order until it was vacated. The State further argued that if the ex parte order was void, it had not changed Edelman's obligation under her sentence and she was still required to submit financial information to the Department and make monthly payments.

The trial court dismissed the State's motion for sanctions, ruling that the ex parte order was invalid because Edelman was not present when it was entered and had received no notice of the hearing, in violation of her right to due process. The order of dismissal noted that Edelman's sentence originally required her to make payments to Sharp, who was now deceased. But the court concluded in its oral ruling that the restitution order in Edelman's sentence was not enforceable because it had been replaced or superseded by the invalid ex parte order.

> There are two orders setting restitution and only two . . . . One is in the Judgment and Sentence and the second is the Amended Order Setting Restitution. That supersedes the prior order and I have determined it is invalid. Therefore, we have nothing before the Court to act upon. The proceeding today is dismissed.

The State moved to amend the restitution order to require payment to Sharp's estate. The court denied the motion, ruling that the restitution statutes did not authorize payments to Bonnie Tuck, Sharp's daughter and his estate's personal representative and executrix. The court found that Tuck was not a victim of the crime within the statutory scheme and was not within the class of survivors recognized by statute for the purpose of receiving restitution. The State appealed.

## DISCUSSION

■ The State contends that the restitution obligation does not automatically terminate when a victim dies and that the restitution order may be modified to require payment to a victim's estate under RCW 9.94A.142(1). The statute provides that a sentence may be modified "as to [the] amount, terms and conditions" of restitution while the offender remains under the court's jurisdiction.[1] The State argues that providing for payment to a victim's estate may be characterized as a "term" or "condition" of restitution because the victim's estate stands in the victim's shoes and substituting the estate as the payee does not change the nature of the obligation. We review questions on the interpretation of the restitution statutes de novo. *State v. Angulo*, 77 Wn. App. 657, 660, 893 P.2d 662 (1995).

■ Edelman first contends that a court may not transfer payments to a victim's estate absent specific statutory authorization, noting that the Crime Victims' Compensation Act explicitly provides that restitution ordered under the act is paid to the state victims compensation fund after the original payee's death.[2] The authority to impose restitution is derived from statute. *See State v. Enstone*, 137 Wn.2d 675, 682, 974 P.2d 828 (1999) (citing *State v. Davison*, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991)). But our courts have repeatedly held that "[i]n enacting RCW 9.94A.142, the Legislature granted broad power to the trial court to order restitution." *Enstone*, 137 Wn.2d at 679 (citing *State v. Smith*, 119 Wn.2d 385, 389, 831 P.2d 1082 (1992)). In so holding, our courts have also affirmed that the statutes authorizing restitution should be interpreted broadly to

---

[1]Under this provision, the sentence may be modified "regardless of the expiration of the offender's term of community supervision and regardless of the statutory maximum for the crime." RCW 9.94A.142(1).

[2]RCW 7.68.290 provides for the disposition of restitution payments following the death of a victim, and "victim" has a limited definition under the act. RCW 7.68.020(3) defines "victim" to include individuals who suffered bodily injury or death as a result of a crime, their efforts to prevent a crime, or their efforts to apprehend a criminal.

carry out the goals of the statutory provisions. *Enstone,* 137 Wn.2d at 680; *see also Davison,* 116 Wn.2d at 922 ("We will not give the [restitution] statutes an overly technical construction which would permit the defendant to escape from just punishment.").

Edelman responds that continuing restitution does not further compensate Sharp after he has died. But although restitution under the victims' compensation act has a strong compensatory purpose, the compensatory function of restitution under the sentencing reform act is secondary. *Compare* notes following RCW 7.68.035 *with State v. Moen,* 129 Wn.2d 535, 539 n.1, 919 P.2d 69 (1996); *State v. Martinez,* 78 Wn. App. 870, 881, 899 P.2d 1302 (1995). The victim's compensation act creates a statutory scheme to provide direct assistance to victims of crimes. The disposition of restitution after the victim's death "to compensate victims of crimes through the crime victims compensation fund," under RCW 7.68.290, is consistent with this purpose. But under the sentencing reform act, restitution is part of an offender's sentence and is primarily punitive in nature. *See* RCW 9.94A.010; RCW 9.94A.145(10); *State v. Young,* 63 Wn. App. 324, 332 n.4, 818 P.2d 1375 (1991). The obligation requires the offender to face the consequences of his or her crime and " '[p]romote[s] respect for the law by providing punishment which is just.' " *Davison,* 116 Wn.2d at 922 (quoting RCW 9.94A.010(2)). If restitution were not continued here, Edelman's obligation would not be proportionate to her criminal acts but would instead turn upon the life span of her victim. Continuing restitution after Sharp's death, however, serves the traditional rehabilitative, deterrent, retributive, and restrictive functions of criminal punishment and fulfills the goals of the statute under which the obligation was imposed.

In support of her argument, Edelman cites statutes from other jurisdictions that specifically provide for payment of restitution to a victim's estate.[3] But the absence of such

---

[3]The federal statute cited by Edelman has been substantially amended. The former statute required the court to direct restitution payments to the victim's

provisions does not affect our interpretation of the relevant statutes. As discussed above, we interpret the restitution statutes to permit such modifications because the continuation of restitution in these circumstances is consistent with the purpose of the statutes. *See, e.g., State v. Barr,* 99 Wn.2d 75, 78-79, 658 P.2d 1247 (1983).

Edelman also argues that our statutes authorize restitution only for the direct victim of a crime or, under RCW 7.69, for certain categories of survivors. We agree that Sharp's daughter, Bonnie Tuck, is not a direct victim of Edelman's crime or a "survivor" within the meaning of the victims' compensation act. RCW 7.69 explicitly addresses the impact of crime on victims and survivors and their right to compensation. RCW 7.69.010-.030(15). Restitution paid to a survivor when, as here, the victim's death is unrelated to the crime, would not serve the goals of the act. But Edelman's argument mischaracterizes the payments at issue. The modification urged by the State does not award compensation for any additional loss, but continues to represent the amount that Edelman embezzled from Sharp. There is no question that the court may order restitution

---

estate after the victim died. The present statute provides that the personal representative of a victim's estate "may assume the victim's rights" for the purpose of receiving restitution:

> The court, when sentencing a defendant convicted [of certain offenses] may order, in addition to or, in the case of a misdemeanor, in lieu of any other penalty authorized by law, that the defendant make restitution to any victim of such offense, or if the victim is deceased, to the victim's estate. The court may also order, if agreed to by the parties in a plea agreement, restitution to persons other than the victim of the offense.

> . . . .

> For the purposes of this section, the term "victim" means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered[.] In the case of a victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardian of the victim or representative of the victim's estate, another family member, or any other person appointed as suitable by the court, may assume the victim's rights under this section[.]

18 U.S.C. § 3663(a)(1)(A)-(a)(2).

Edelman also cites N.Y. CRIM. PROC. LAW § 420.10(2), which provides for payments to the victim's estate when restitution is ordered under section 60.27 of the Penal Law. N.Y. PENAL LAW (McKinney's Consol. Law).

for this type of loss, and Edelman has not challenged the amount originally set by the court. In this situation, modifying the designated payee under the order does not change the nature of the defendant's obligation. Thus, the proposed modification does not depend on Tuck's status as Sharp's daughter or heir.

Since the particular type of restitution ordered by the court is not at issue, the cases cited by Edelman in support of her argument are inapposite. *See Young*, 63 Wn. App. at 331-33 (affirming a restitution order for the victim's future child support payments); *State v. Theroff*, 33 Wn. App. 741, 745, 657 P.2d 800 (1983) (reversing an order of restitution to a charity); *State v. Barr*, 99 Wn.2d 75, 78-80, 658 P.2d 1247 (1983) (restitution under RCW 9.95.210, as a condition of probation, may be ordered for the victim's wife and child); *State v. Summers*, 60 Wn.2d 702, 707-08, 375 P.2d 143 (1962) (reversing an order of support for the defendant's own children). Here, Sharp was the direct victim of Edelman's crime, and restitution was ordered for the property he lost as a result of that crime. We conclude that this obligation did not automatically end with Sharp's death and that the court erred in finding that it had no further jurisdiction to impose restitution.

We affirm the trial court's decision to vacate the amended restitution order, but reverse the orders dismissing the State's motion to show cause and motion to amend the restitution order. We remand the case for consideration of whether sanctions should be imposed for Edelman's failure to continue making payments under the original restitution order.

The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.

Cox and APPELWICK, JJ., concur.

Review denied at 140 Wn.2d 1003 (2000).