[Nos. 21723-0-III; 21724-8-III;    Division Three.    March 4, 2004.]
21725-6-III.

THE STATE OF WASHINGTON, *Respondent*, v. ROGER MICHAEL
HOTRUM, *Appellant*.

*William D. Edelblute*, for appellant.

*Steven J. Tucker, Prosecuting Attorney*, and *Kevin M. Korsmo* and *Andrew J. Metts III, Deputies*, for respondent.

SCHULTHEIS, J.— Roger Hotrum appeals the trial court's denial of his motions to vacate three orders, entered in the Spokane County Superior Court, which extended jurisdiction for the collection of legal financial obligations (restitution). The appeals were consolidated. Both through counsel and in his statement of additional authorities, Mr. Hotrum contends that allowing such orders to be entered ex parte violates his due process right to receive notice and be heard on the matter. We disagree and affirm the three orders.

## FACTS

Although the original judgments and sentences were not included in the record, the parties agree Mr. Hotrum incurred legal financial obligations involving three different restitution orders under three different cause numbers in the Spokane County Superior Court. Relying on former RCW 9.94A.140[1] and former RCW 9.94A.142,[2] the State filed three different ex parte motions requesting the court's

---

[1] In general, this statute provided that the court must determine the restitution amount, reflective of actual and tangible loss, at the sentencing hearing or within 180 days thereafter and set a minimum monthly payment. Former RCW 9.94A.140(1) (1997).

[2] In 1994 and 1997 the Washington legislature amended the restitution statutes. LAWS OF 1994, ch. 271, § 602; LAWS OF 1997, ch. 121, § 4. At the time Mr. Hotrum was originally sentenced in 1990, the statute provided that the court retained jurisdiction over the offender for restitution purposes a *maximum* of 10 years from the date of sentencing. Former RCW 9.94A.142(1) (1989). Under the 1994 amendment to former RCW 9.94A.142, the court's jurisdiction was set to begin on the date of sentencing or the date of release from total confinement, whichever was longer. The 1997 amendment removed the term *maximum* and added the following sentence: "Prior to the expiration of the initial ten-year period, the superior court may extend jurisdiction under the criminal judgment an

jurisdiction be extended over Mr. Hotrum for the purpose of collecting restitution. The motions were granted in March and April 2000. For reasons not set forth in the record, Mr. Hotrum did not learn of the extensions of jurisdiction for over two years. In November 2002, Mr. Hotrum filed motions to strike the three ex parte orders. The motions were denied when the court determined it had the authority under RCW 9.94A.760(4)[3] "to extend the initial ten year period for collection of legal financial obligations an additional ten years."[4] The court also concluded no hearings were required prior to extending the collection periods. Mr. Hotrum filed timely notices of appeal.

## ANALYSIS

■ The sole issue on appeal is whether Mr. Hotrum's due process rights were violated when he did not receive prior notice of, or the opportunity to be heard at, the ex parte hearings extending jurisdiction over his restitution orders an additional 10 years. The trial court's decision denying his motions to strike the ex parte orders will not be overturned absent a clear abuse of discretion. *Johnson v. Cash Store*, 116 Wn. App. 833, 849, 68 P.3d 1099, *review denied*, 150 Wn.2d 1020 (2003).

Former RCW 9.94A.145 (1999) allowed the court to extend jurisdiction over criminal restitution orders if the request was made prior to the expiration of the original 10-year period. However, the statute did not set forth the procedure that must be followed when requesting a hearing to extend jurisdiction. The State argues the ex parte hearings that took place were sufficient since the court was statutorily authorized to take the action it took. Mr. Hotrum, on the other hand, argues the ex parte procedures

---

additional ten years for payment of restitution." Former RCW 9.94A.142(1) (1997).

[3] RCW 9.94A.760(4) was the law in effect in 2002, when the court signed the orders denying Mr. Hotrum's motions to vacate the ex parte orders. Former RCW 9.94A.145 was recodified as RCW 9.94A.760 by LAWS OF 2001, ch. 10, § 6.

[4] Clerk's Papers at 53-55.

denied him the constitutional right to receive notice of the State action in advance so that he could have the opportunity to present evidence opposing the State's motions.

■ As an initial matter, the State urges us not to consider the merits of Mr. Hotrum's appeals, claiming the orders extending jurisdiction do not affect a substantial right as required by RAP 2.2(a)(13). We disagree. Due process, being fundamental, affects substantial rights. "Due process of law guarantees 'no particular form of procedure; it protects substantial rights.'" *Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 610, 94 S. Ct. 1895, 40 L. Ed. 2d 406 (1974) (quoting *Nat'l Labor Relations Bd. v. Mackay Co.*, 304 U.S. 333, 351, 58 S. Ct. 904, 82 L. Ed. 1381 (1938)). Accordingly, we consider the merits of Mr. Hotrum's appeals.

■ Contrary to Mr. Hotrum's contention, the ex parte orders entered in 2000, which extended jurisdiction over his financial obligations, did not modify the original terms of the judgments and sentences entered in 1990, which would have necessitated his presence at such hearings. *See State v. Shultz*, 138 Wn.2d 638, 643-44, 980 P.2d 1265 (1999) (former RCW 9.94A.142 increased time defendant subject to restitution obligation, but did not increase quantum of punishment imposed). In other words, the orders extending jurisdiction merely permitted the State to attempt to collect restitution from Mr. Hotrum for another 10 years under the terms of the original restitution orders. The State argues that because the court did not modify its original judgments or impose further punishment on Mr. Hotrum, his due process rights were not violated. It claims his due process rights were accommodated when he was present and had the opportunity to present evidence at the original restitution hearings. *Cf. State v. Wiens*, 77 Wn. App. 651, 656, 894 P.2d 569 (1995) (due process argument related to garnishment procedure). We agree.

In opposing the State's ex parte motions requesting the orders extending jurisdiction, Mr. Hotrum raises several issues. He claims his presence was required at the hearings because he should have been: (1) given the opportunity to

check whether the State's totals on amounts owed on each of the orders were correct; (2) allowed to present evidence that he did not receive credit for payments made toward his restitution obligations; (3) allowed to challenge improperly calculated interest, fines, assessments, and costs associated with the restitution orders; and (4) allowed to challenge the fact the motions to extend jurisdiction were timely made.

Mr. Hotrum does not argue the statute allowing extension of jurisdiction is improper. His argument lies with the ex parte procedure in which the orders were obtained. He maintains the laws of this state do not permit our courts to ignore fundamental principles of due process. *City of Seattle v. Agrellas*, 80 Wn. App. 130, 136, 906 P.2d 995 (1995). " '[D]ue process is flexible and calls for such procedural protections as the particular situation demands.' " *Mathews v. Eldridge*, 424 U.S. 319, 334, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972)). "An essential ingredient of due process is notice." *In re Pers. Restraint of Cashaw*, 68 Wn. App. 112, 124, 839 P.2d 332 (1992), *aff'd*, 123 Wn.2d 138, 866 P.2d 8 (1994).

We do not disagree with the rules of law cited by Mr. Hotrum. Instead, our reading of the relevant statutes convinces us there is no requirement that a formal hearing take place in order to statutorily extend jurisdiction for the purpose of collecting restitution owed. Our role is not to define due process according to " 'our "personal and private notions" of fairness.' " *State v. Cantrell*, 111 Wn.2d 385, 389, 758 P.2d 1 (1988) (quoting *United States v. Lovasco*, 431 U.S. 783, 790, 97 S. Ct. 2044, 52 L. Ed. 2d 752 (1977) (quoting *Rochin v. California*, 342 U.S. 165, 170, 72 S. Ct. 205, 96 L. Ed. 183 (1952))). Instead, we decide only whether the criticized act violates those " ' "fundamental conceptions of justice which lie at the base of our civil and political institutions," ' . . . and which define ' "the community's sense of fair play and decency." ' "*Cantrell*, 111 Wn.2d at 389 (quoting *Lovasco*, 431 U.S. at 790 (quoting *Mooney v. Holohan*, 294 U.S. 103, 112, 55 S. Ct. 340, 79 L. Ed. 791

(1935) and *Rochin*, 342 U.S. at 173)). For this reason, we agree with the State that the relevant statutes do not require a formal, contested hearing prior to extending jurisdiction for the purpose of collection of restitution. Accordingly, the trial court did not abuse its discretion.

Affirmed.

SWEENEY and KURTZ, JJ., concur.

Review denied at 152 Wn.2d 1036 (2004).