FILED
COURT OF APPEALS
DIVISION II

2013 MAR 19 AM 8:41

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 42208-5-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| BRUCE E. BRATTON, | |
| Appellant. | |

BJORGEN, J. — Bruce Bratton appeals his conviction of unlawful possession of a controlled substance, methamphetamine. He contends that the evidence supporting this conviction resulted from his arrest on an invalid warrant and the trial court erred in not suppressing it. Because the trial court issued the arrest warrant based on a well-founded suspicion that Bratton had violated his sentencing conditions and because all required notice was given, we hold that the arrest warrant was valid. We therefore affirm.

## FACTS

On January 30, 2009, Bratton pleaded guilty to unlawful possession of methamphetamine.[1] The sentencing court ordered Bratton to pay his $1,550 legal financial obligations (LFOs) through Jefferson County's Pay or Appear program (POA). This order provided:

> Defendant will be required to make a minimum monthly payment of $50.00 each month, commencing April 1. Review scheduled for May 8, '09 at 8:30 a.m. If payment is made, you do not need to appear for review. . . .

---

[1] Bratton does not assign error to the trial court's findings of fact from the CrR 3.6 hearing and, as we review only that proceeding in this appeal, these findings of fact are verities for purposes of our review. *State v. Hill*, 123 Wn.2d 641, 647, 870 P.2d 313 (1994).

No. 42208-5-II

> If a Defendant has not made the minimum payments in the preceding calendar month and does not appear on the second Friday of the following month at the Pay or Appear calendar, a warrant will be issued for Defendant's arrest.

Clerk's Papers (CP) at 46-47. Between April 2009 and June 2010, Bratton paid $600 to the court. During that period, Bratton missed his July 2009 payment and, when he did not appear at the August 2009 hearing, the court issued a bench warrant. Bratton was arrested and released the next day. He made sporadic payments in 2010 and, after he missed his June 2010 payment and failed to appear for the July hearing, the trial court issued a bench warrant for his arrest. Deputy Brian Anderson arrested Bratton the next day and, when the deputy searched Bratton's pockets incident to that arrest, he found a sandwich bag containing over eight grams of methamphetamine.

The State then charged Bratton with unlawful possession of a controlled substance, methamphetamine. Bratton moved to suppress the methamphetamine under CrR 3.6, claiming that the arrest warrant was invalid because (1) it was a cash only warrant and (2) it violated due process because he had inadequate notice of his obligation to appear. The trial court agreed with the first argument but concluded that the invalid bail provision did not invalidate the warrant. The trial court disagreed with Bratton's second claim and denied his motion to suppress.[2] The

---

[2] The trial court entered the following conclusions of law regarding the motion to suppress:
1. Due process requires that all parties to an action be given notice and an opportunity to be heard by a neutral magistrate. *See State v. Walker*, 93 Wn. App. 382, 967 P.2d 1289 (1998).
2. Notice is flexible and calls for such procedural protection as a particular situation demands. *State v. Hotrum*, 120 Wn. App. 681, 87 P.3d 766 (2004).
3. Notice does not require "actual notice" of a pending action; "notice is proper, for purposes of due process, if, under the circumstances, it is reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Washam v. Pierce County Democratic Cent. Committee*, 69 Wn. App. 453, 459-60, 849 P.2d 1229 (1993).

No. 42208-5-II

trial court found Bratton guilty at a later-held bench trial and imposed a standard range sentence. Bratton appeals.

## ANALYSIS

1. <u>ASSIGNMENTS OF ERROR</u>

Bratton assigns error only to conclusions of law 4-6, which we review de novo. *State v. Mendez*, 137 Wn. 2d 208, 214, 970 P.2d 722 (1999). However, he does not raise the same claim on appeal that he raised below, that the lack of adequate notice denied him due process protections. Rather, the issue he presents to this court is whether the arrest warrant was invalid because (1) this court found the POA program unconstitutional, (2) the trial court lacked a well founded suspicion that he had violated his sentencing conditions, and (3) under the circumstances, the only reasonable course of action was for the trial court to have issued a summons rather than an arrest warrant. In this posture, we need not review the trial court's conclusions as we deem the assignments of error abandoned. *See State v. Motherwell*, 114 Wn.2d 353, 788 P.2d 1066 (1990) (assignment of error without argument is abandoned.)

Instead, we review the validity of the arrest warrant in the context of these other arguments because if the arrest warrant was invalid, it follows that Bratton's arrest and the ensuing search and seizure of evidence were unlawful and the trial court erred in not suppressing

---

4. When Mr. Bratton was ordered to pay his legal financial obligations through the POA program he was given notice that he was to either make a payment or appear in court the following month to explain why he failed to make a payment.
5. The Pay or Appear order gave Mr. Bratton notice that he was to make a payment or appear at 8:30 AM on the second Friday of the following month.
6. The Pay or Appear order gave Mr. Bratton notice reasonably calculated to apprise him of the pendency of the action and afford him an opportunity to explain why he failed to make a payment.

CP at 48-49.

3

the drug evidence. *See Mapp v. Ohio*, 367 U.S. 643, 655, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961) (evidence obtained from illegal search or seizure is subject to exclusionary rule). We review de novo the warrant's legal sufficiency but we review any discretionary decisions for an abuse of discretion. *State v. Erickson*, 168 Wn.2d 41, 45, 225 P.3d 948 (2010).

2.      CONSTITUTIONALITY OF POA PROGRAM

Bratton first contends that the arrest warrant was invalid because we declared the same POA program unconstitutional in *State v. Stone*, 165 Wn. App. 796, 800, 268 P.3d 226 (2012). Stone had failed to pay his LFOs and to appear in court the following month, so the trial court issued a bench warrant for his arrest. *Stone*, 165 Wn. App. at 801. We held that Stone was entitled under the Sixth and Fourteenth Amendments to be represented by counsel at the ensuing show cause hearing, because of the possibility that the trial court would impose jail time as a consequence of Stone's failure to pay his LFOs. *Stone*, 165 Wn. App. at 814-15. We also held that the trial court violated due process by failing to inquire into whether Stone's nonpayment was willful. *Stone*, 165 Wn. App. at 816-18.

*Stone*, though, did not declare the POA unconstitutional. Rather, we held that Stone was entitled to have an attorney represent him, because he faced the possibility of jail time if the trial court found that his failure to pay his LFOs was willful. Here, Bratton did not appear at court when required to do so and we do not know if the trial court would have informed him of his right to appointed counsel or would have made an adequate inquiry into his ability and willingness to pay. *Stone* did not hold, because that question was not before it, that the bench warrant was constitutionally infirm. All that is under review here is issuance of a bench warrant. Bratton's claim fails.

4

3.    WELL-FOUNDED SUSPICION

Bratton next argues that the trial court lacked a well-founded suspicion that he had violated his sentencing conditions to justify issuing an arrest warrant. He argues that the State had to show (1) that he missed an LFO payment, (2) that his nonpayment was willful, and (3) that he had not called the program coordinator as the POA program allowed him to do. Bratton also argues that because the trial court did not make findings on (2) and (3), we must presume that the State failed in its burden of proof. *State v. Armenta*, 134 Wn.2d 1, 14, 948 P.2d 1280 (1997).

RCW 9.94A.6333(2)(a) authorizes a trial court to issue a summons or arrest warrant for an offender who fails to comply with any sentencing condition or requirement. To do so, the trial court must have a "well-founded suspicion" that the offender has violated his sentencing terms. *State v. Erickson*, 168 Wn.2d 41, 49-50, 225 P.3d 948 (2010).

Here, the trial court had a well-founded suspicion justifying issuance of an arrest warrant. It knew that Bratton had signed the order placing him in the POA program. The program coordinator placed the matter on the July 9, 2010 calendar, because Bratton's last payment was on May 11, 2010, and he had missed the June payment. Bratton was not in court when his case was called. This is sufficient evidence from which the trial court could conclude with a well-founded suspicion that Bratton had failed to comply with his LFO obligations. That Bratton may have called the program coordinator before July 9 or that he may not have willfully refused to pay were matters for the show cause hearing. That he did not make his June payment and did not appear on July 9 were sufficient facts to justify issuing an arrest warrant. Bratton's claim on this issue fails.

4.    REASONABLENESS

Bratton next argues, under *Erickson*, that issuance of an arrest warrant under the circumstances was not reasonable.  He argues that he was never given adequate notice that he was required to appear in court, claiming instead that his appearance was conditional, that he was never given a specific date and time to appear, and that the trial court did not issue a warrant every time he failed to pay his LFOs or appear.  Under these circumstances, he argues, the reasonable thing to do was to issue a summons as allowed under RCW 9.94A.6333(2)(a), rather than having him arrested.[3]

In *Erickson*, 168 Wn.2d at 48-49, our Supreme Court discussed what is a reasonable government interest to justify curtailing an offender's liberty when that offender has been convicted and is under court supervision.  Bratton misapplies this reasonableness standard.  Under *Erickson*, reasonableness means that, before issuing a bench warrant, the court has a well-founded suspicion based on specific and articulable facts that the offender has violated his release conditions.  *Erickson*, 168 Wn.2d at 49.  In other words, the reasonableness test is the same test we applied in section 3 above, and found that the State met.  In any case, the statute provides the trial court with discretion to issue either a summons or an arrest warrant and Bratton has not shown an abuse of discretion here.  *See State v. Neth*, 165 Wn.2d 177, 182, 196 P.3d 658 (2008) (generally, we review the issuance of a warrant for an abuse of discretion).  For these reasons, Bratton's claim fails.

---

[3] Bratton argues lack of notice in the context of his reasonableness claim but he does not argue on appeal that it violated due process protections as he did below.  Nonetheless, the record sustains the trial court's conclusion that the State gave Bratton adequate notice under due process standards.

No. 42208-5-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJØRGEN, J.

We concur:

HUNT, J.

WORSWICK, C.J.

7