**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Richard HAM, Defendant,**

**and concerning the Colorado Department of Corrections, Intervenor-Appellant.**

**No. 86SA177.**

Supreme Court of Colorado, En Banc.

March 23, 1987.

Stuart A. Van Meveren, Dist. Atty., Jerome B. Roselle, Deputy Dist. Atty., Fort Collins, for plaintiff-appellee.

No Appearance for defendant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Marleen Langfield, Asst. Atty. Gen., Denver, for intervenor-appellant.

QUINN, Chief Justice.

The department of corrections (department) appeals an order of the district court denying the department's application to intervene in a criminal case and to file a Crim.P. 35(a) motion to correct an illegal sentence, and further challenges the district court's sentencing of a misdemeanor offender over the age of twenty-one years to the custody of the executive director of the department.[1] We conclude that the district court did not err in denying the department's motion to intervene, and we therefore dismiss the department's appeal on the legality of the sentence.

## I.

On June 3, 1985, the defendant, Richard Ham, entered a guilty plea to third degree assault, a class one misdemeanor punishable by a sentence of six months to twenty-four months, a fine of $500 to $5,000, or both imprisonment and fine.[2] The court sentenced the defendant, who was then over twenty-one years of age, to the custody of the executive director of the department for a term of two years and recommended that the sentence be served in the correctional facility at Buena Vista, Colorado. On August 8, 1985, the department, through the attorney general, filed a motion to intervene in order to contest the legality of the court's sentence. In its motion, the department alleged that it had an interest "in determining how and for whom its bed space and other resources are to be allocated" and that intervention was accordingly necessary to protect the department's interest. In conjunction with its motion to intervene, the department also filed a Crim.P. 35(a) motion in which it claimed that the court acted illegally in sentencing a misdemeanor offender over the age of twenty-one years to the department of corrections. On August 12, 1985, the district court entered an order denying the department's motion to intervene and confirming its authority to sentence a mis-

1. This case was originally consolidated for the purpose of this appeal with *People v. Green*, 734 P.2d 616 (Colo.1987). Because the issue of intervention was not present in *Green*, or the other cases consolidated with *Green*, we resolve this case by separate opinion.

2. § 18-3-204, § 18-1-106, 8B C.R.S. (1986).

demeanor offender twenty-one years of age or older to the department of corrections. Neither the district attorney on behalf of the People nor the defendant appealed the sentence. The department, however, filed a notice of appeal and challenges the order denying its motion to intervene and the legality of the sentence itself. The People, represented by the district attorney, urge us to dismiss the appeal because the department lacks a legally cognizable interest in this case. We agree with the People's argument.

## II.

We note at the outset that the Colorado Rules of Criminal Procedure make no provision for intervention by a third party in a criminal prosecution. Rule 57(b) of the Colorado Rules of Criminal Procedure, however, states that "[i]f no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with these Rules of Criminal Procedure and shall look to the Rules of Civil Procedure and to the applicable law if no Rule of Criminal Procedure exists." Rule 24 of the Colorado Rules of Civil Procedure provides two methods by which an outsider may intervene in a pending civil case: (1) intervention of right, which arises when a statute grants an unconditional right to intervene or when the applicant claims an interest in the subject matter of the litigation and is so situated that the disposition of the case may impede the applicant's ability to protect that interest, unless the interest is already adequately represented by existing parties, and (2) permissive intervention, which arises when a statute grants a conditional right to intervene or when the applicant's claim or defense and the main action have a question of law or fact in common.[3] The department's motion to intervene, which was filed pursuant to C.R.C.P. 24, was predicated on the claim that the sentence imposed on the defendant will adversely affect the department's allocation of resources in carrying out its statutory responsibilities. We hold that the intervention standards of C.R.C.P. 24 are not applicable to a criminal case and that consequently the district court properly denied the department's motion to intervene.

■ Intervention is a procedural device whereby an outsider or stranger to litigation may enter the case as a party for the purpose of presenting a claim or defense. 3B J. Moore & J. Kennedy, *Moore's Federal Practice* ¶ 24.02 (2d ed. 1985); C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 1901 (2d ed. 1986). The concept of intervention proceeds from the principle that the efficient resolution of a civil controversy often requires the addition of other persons whose interests might be jeopardized by the resolution of the controversy between the original parties. The considerations underlying nonparty intervention in a civil case, however, are not applicable to a criminal case.

**3.** C.R.C.P. 24, which is essentially identical to Fed.R.Civ.P. 24 in subsection (a) and (b), states:

(a) **Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) When a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) **Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: (1) When a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

(c) **Procedure.** A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought.

A criminal prosecution commences when a formal accusation is filed in court in which it is alleged that the accused has engaged in certain conduct in violation of the criminal laws of the state. The Colorado Constitution requires that criminal prosecutions be carried on "in the name and by the authority of 'The People of the State of Colorado.'" Colo. Const. art. VI, § 22. In each judicial district of the state a district attorney, elected by the electors of the district, Colo. Const. art. VI, § 13, is required to appear in behalf of the state in all indictments, actions, and proceedings pending in the district court in any county within the judicial district served by the district attorney, "wherein the state or the people thereof or any county of his district may be a party." § 20–1–102(1)(a), 8B C.R.S. (1986). In filing a criminal charge, therefore, the district attorney represents the state and its people. *Id.* *See also* § 20–1–102(3), 8B C.R.S. (1986).

█ The issues in a criminal case are the guilt or nonguilt of the accused and the appropriate sentence to be imposed in the event of a conviction. "The purposes of sentencing are to punish a defendant in relation to the seriousness of the offense, assure fair and consistent treatment of all convicted offenders, deter others likely to commit similar offenses, and promote rehabilitation." *People v. Watkins,* 684 P.2d 234, 238 (Colo.1984); *see* § 18–1–102.5, 8B C.R.S. (1986). The sentencing hearing is a critical phase of the criminal prosecution, and the district attorney's role as representative of the state continues to this stage of the case and to any postconviction proceeding involving the propriety or legality of the sentence. The district attorney, as representative of the state and the people, is thus fully capable of bringing to the court's attention any and all matters that might possibly bear on the sentencing decision. In short, the provisions of C.R.C.P.

24 relating to intervention in a pending civil controversy were neither designed for nor should be applied to a criminal case. *See, e.g., Central South Carolina Chapter, Society of Professional Journalists v. United States District Court,* 551 F.2d 559 (4th Cir.1977); *Gannett Pacific Corp. v. Richardson,* 59 Hawaii 224, 580 P.2d 49 (1978); *News American Division, The Hearst Corp. v. State,* 49 Md.App. 422, 431 A.2d 1387 (1981); *State v. Simants,* 194 Neb. 783, 236 N.W.2d 794 (1975), *rev'd on other grounds sub nom. Nebraska Press Association v. Stuart,* 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976); *State v. Bianchi,* 92 Wash.2d 91, 593 P.2d 1330 (1979).[4]

█ The asserted basis of the department's claim for intervention in this case cogently illustrates why the intervention procedures of C.R.C.P. 24 should not be grafted onto a criminal prosecution. The department's interest in the defendant's sentence, if addressed at the sentencing or postconviction stages of this case, would require the sentencing court to explore such issues as the amount of financial resources available to the department, the most economically feasible allocations of those resources in administering the correctional process on a statewide basis, and the department's legal responsibility to receive a convicted offender under a sentence which the department believes might not be in accordance with law. These issues should not be permitted to encumber the criminal process, which is fashioned to provide a speedy and just resolution of issues totally different in character from the fiscal impact of a sentence on the operating budget of a department of government. Indeed, to permit intervention by the department in this case would unnecessarily invite applications in other cases by third parties whose interests may be no less indirectly affected than those of the depart-

---

4. These cases held that, under rules similar to C.R.C.P. 24, a newspaper should not be permitted to intervene in a pending criminal trial for the purpose of asserting the paper's First Amendment rights. The critical point made in these opinions is that a newspaper does not have such a legally protectible interest in the determination of the defendant's guilt or inno-

cence as to justify the delay and confusion caused by permitting intervention in the criminal action. While these cases involved an admittedly different situation than that present here, we nonetheless find the general reasoning of these decisions equally applicable to the issue before us.

ment by the guilt and sentencing phases of a criminal prosecution. In the absence of truly exceptional circumstances, which are not present here, the request of a third party to intervene in a criminal case should not be countenanced.[5]

### III.

Our holding in this case should not be taken as an approval of the sentence itself. We have today issued an opinion in a companion case holding that a district court lacks statutory authority to sentence a misdemeanor offender twenty-one years of age or older to the department of corrections unless the sentence is served concurrently with a term for a felony sentence at the correctional facilities at Canon City. *People v. Green*, 734 P.2d 616 (Colo.1987). Nothing in this opinion precludes the district attorney, as representative of the state, from filing an appropriate motion under Crim.P. 35(a) to correct the sentence in the event the defendant has not yet completed the sentence imposed in this case. *See People v. District Court*, 673 P.2d 991 (Colo.1983).

The appeal is dismissed.

**5.** In two recent cases, one an appeal and the other an original proceeding, we addressed issues raised by third parties with respect to orders entered by a trial court during the course of a pending criminal proceeding. In *Kort v. Carlson*, 723 P.2d 143 (Colo.1986), an original proceeding filed by the People, the executive director of the department of institutions, and the superintendent of the Colorado State Hospital, we held that the district court exceeded its authority when, in the course of the competency phase of a criminal case, it issued the following orders to the executive director and the superintendent: to pay a private psychologist for treatment given to the defendant committed to the state hospital on the basis of his incompetency to stand trial; to permit continued treatment of the defendant by the private psychologist; and to make requests in current and future budgets for funding of such expenses. In *People v. Lockhart*, 699 P.2d 1332 (Colo.1985), which was on appeal by the county commissioners and the county sheriff from the district court's dismissal of a contempt citation issued at the request of county officials, who were permitted to inter-vene in the criminal case for the purpose of petitioning the district court to issue a contempt citation to officials of the department of corrections for their refusal to receive sentenced offenders at the diagnostic center in Canon City, we affirmed the judgment of dismissal on the basis of the district court's evidentiary findings relating to the impossibility of compliance by the department. In neither *Carlson* nor *Lockhart*, however, was the issue of intervention raised before us, and we did not address that question. These cases, therefore, should not be read as adopting a rule of intervention for third parties in criminal cases.

As previously noted, intervention involves an application by a stranger or outsider to participate as a party in pending litigation and, as such, is to be distinguished from those ancillary proceedings that frequently arise in the course of a criminal case. A contempt proceeding is such an example. Nothing in our opinion today is intended to limit the authority of a court to initiate or to conduct such ancillary proceedings in aid of its jurisdiction over criminal cases.