Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us. Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE

**2019 CO 4**

**No. 17SC250,** *People in Interest of D.Z.B.* **— Standing on Appeal.**

The supreme court reviews whether the court of appeals erred in concluding that the Arapahoe County Department of Human Services (the Department) lacked standing to challenge a district court's temporary custody order placing D.Z.B., a juvenile, in one of its residential facilities pending his delinquency adjudication.

The supreme court concludes that the court of appeals erroneously merged the analysis used to determine whether a plaintiff has standing to sue with the analysis used to determine whether a non-party has standing to appeal to assess whether the Department, a non-party to the district court proceedings, had standing to appeal. As a result, the division required the Department to demonstrate that it (1) suffered an injury in fact to a legally protected interest and (2) was substantially aggrieved by the district court's order. Because the Department was a non-party to the lower court proceedings, the court of appeals should have assessed only whether the Department was substantially aggrieved by the district court's order. Accordingly, the supreme court reverses and remands to the court of appeals to apply the correct standard and to consider any outstanding issues.

**The Supreme Court of the State of Colorado**
2 East 14th Avenue • Denver, Colorado 80203
_____

**2019 CO 4**
_____

**Supreme Court Case No. 17SC250**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 14CA2167
_____

**Petitioner:**

Arapahoe County Department of Human Services,

v.

The People of the State of Colorado

**In the Interest of**

**Respondent:**

D.Z.B., Juvenile.
_____

**Judgment Reversed**
*en banc*
January 14, 2019
_____

**Attorneys for Petitioner:**
Ronald Carl, Arapahoe County Attorney
Michael Valentine, Deputy County Attorney
Danielle Newman, Assistant County Attorney
          *Aurora, Colorado*

**Attorneys for Respondent:**
Megan Ring, Public Defender
Ryann S. Hardman, Deputy Public Defender
          *Denver, Colorado*

**Attorneys for Amicus Curiae Colorado Counties, Inc.:**
Hall & Evans, LLC
Thomas J. Lyons
Paul R. Janda
*Denver, Colorado*

**Attorneys for Amicus Curiae the Colorado Department of Human Services:**
Philip J. Weiser, Attorney General
Tanya E. Wheeler, First Assistant Attorney General
Sarah Richelson, Assistant Attorney General
*Denver, Colorado*

**JUSTICE HART** delivered the Opinion of the Court.

¶1    In 2014, the Arapahoe County Department of Human Services (the Department) was ordered by the district court to take custody of D.Z.B. and house him in a particular facility pending his delinquency adjudication. Believing that the court order imposed a duty on it that was in violation of statutory requirements, the Department appealed that order. The court of appeals dismissed the appeal, concluding that the Department, as a non-party to the delinquency proceedings, lacked standing to appeal the order. In reaching that conclusion, the division conflated the test to evaluate whether a plaintiff has standing to bring a lawsuit with the test to determine whether a non-party has standing to appeal a decision of a lower court. Accordingly, we reverse and remand for the division to apply the correct standing analysis and to consider any other remaining arguments.

## I. Facts and Procedural History

¶2    D.Z.B., a habitual juvenile offender, was on probation when he was charged with additional delinquent acts. The prosecution sought to revoke or modify his probation. D.Z.B.'s counsel requested that the petitioner, the Department, investigate treatment and confinement options for D.Z.B. At the pretrial hearing, the guardian ad litem and D.Z.B.'s counsel requested that D.Z.B. be placed in one of the Department's residential facilities, Jefferson Hills, both prior to adjudication and as a sentence if he were adjudicated delinquent.

¶3    The Department objected to D.Z.B. being placed in Jefferson Hills in lieu of bond before the adjudication. The Department contended that under section 19-2-114(1)(a), C.R.S. (2018), and state regulations governing out-of-home placements for at-risk

3

children, the district court could not place D.Z.B. in one of the Department's residential child-care facilities without its consent until after a delinquency adjudication. *See* Dep't of Human Servs. Reg. 500, 12 Colo. Code Regs. 2509-4: 7.304.3 (2018) (establishing criteria for out-of-home placement, including a finding of imminent risk, which can be established by a delinquency adjudication). The district court disagreed and issued a temporary custody order requiring that the Department place D.Z.B. in Jefferson Hills pending his delinquency adjudication.

¶4 The Department appealed the temporary custody order. In its decision, the court of appeals began by noting that D.Z.B.'s counsel had raised several threshold concerns about the appeal, including the lack of a sufficient record, the absence of a final appealable order, and the Department's alleged lack of standing. *People in Interest of D.Z.B.*, 2017 COA 17, ¶ 16, __ P.3d __. Because it concluded that the Department did not have standing to challenge the order, the court of appeals declined to address the other issues raised by D.Z.B.'s counsel. *Id.* at ¶ 17.

¶5 In analyzing the Department's standing, the division first inquired whether the Department had suffered an injury in fact to a legally protected interest or had been conferred standing under the Colorado Children's Code. *Id.* at ¶¶ 33–44. To these questions, the division answered no. *Id.* at ¶¶ 36, 44. The division then considered whether the Department had been substantially aggrieved by the district court's order and found that, because the order did not place an "onerous or unique burden" on the Department, there was no substantial grievance. *Id.* at ¶ 52. The Department now asks us to reverse the court of appeals' decision, arguing that the division departed from our

4

longstanding precedent requiring a non-party to show only that it was substantially aggrieved by a lower court's order to have standing to appeal.

¶6    We granted certiorari. [1]

## II.  Analysis

¶7    Standing to bring a lawsuit in the first instance is distinct from standing to appeal a lower court's decision.  To establish standing to sue, plaintiffs must demonstrate that (1) they suffered an injury in fact and (2) the injury was to a legally protected interest. *Hickenlooper v. Freedom from Religion Found., Inc.*, 2014 CO 77, ¶ 8, 338 P.3d 1002, 1006; *Barber v. Ritter*, 196 P.3d 238, 245 (Colo. 2008).  Any losing person or entity may appeal a lower court's decision if she was a party to the action in that court.  *Colo. Permanente Med. Grp., P.C. v. Evans*, 926 P.2d 1218, 1223 (Colo. 1996) (citing *Miller v. Clark*, 356 P.2d 965, 966 (Colo. 1960)).  There is no independent requirement that a party to a proceeding establish standing to appeal.

¶8    In contrast, an individual or entity who was not a party to a lower court proceeding must demonstrate standing to appeal that decision.  Unlike standing to sue, standing to appeal does not require that a non-party demonstrate an injury to a legally protected interest independent of the decision being appealed.  "The most obvious

---

[1] We granted certiorari to review the following issue:

> Whether the court of appeals erred in concluding that petitioner does not have standing to appeal a juvenile court's decision concerning pre-adjudication placement in a delinquency case.

difference between standing to appeal and standing to bring suit is that the focus shifts to injury caused by the judgment rather than injury caused by the underlying facts." 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction* § 3902, at 63 (2d ed. 1992). Thus, a non-party may appeal a lower court's decision if the party has been injured by the disposition of the case. *Evans*, 926 P.2d at 1223; *see Bush v. Winker*, 907 P.2d 79, 81 (Colo. 1995) (concluding that a non-party has standing to appeal a trial court's final judgment if it was substantially aggrieved by the order). Of course, not every adverse impact a court order or judgment has on a non-party constitutes an injury sufficient to support standing to appeal. To establish standing to appeal, a non-party must show that a trial court's order imposes a "substantial grievance" on that non-party. A substantial grievance exists when the lower court's decision denies a non-party some claim of right or imposes upon it a substantial burden or obligation. *City & Cty. of Broomfield v. Farmers Reservoir & Irrigation Co.*, 235 P.3d 296, 302 (Colo. 2010).

¶9    In determining whether the Department had standing to appeal the pre-adjudication placement of D.Z.B. at Jefferson Hills, the court of appeals appears to have merged these two standing analyses. In the resulting hybrid analysis, the court first asked whether the Department had demonstrated that "it suffered an injury in fact . . . to a legally protected interest." *D.Z.B.*, ¶ 21. The division then stated that non-parties, like the Department, must also allege that they were "substantially aggrieved by the disposition of the case in the trial court" to establish standing. *Id.* at ¶ 26. The only question relevant to the Department's standing to appeal the lower court's decision,

6

however, is the latter question—namely, whether the Department was "substantially aggrieved" by the temporary custody order. *See Evans*, 926 P.2d at 1223 ("[T]o maintain an appeal an individual or entity must 'either be a party to the action or . . . must be a person substantially aggrieved by the disposition of the case in the lower court.'") (internal citations omitted); *see also People in Interest of C.A.G.*, 903 P.2d 1229, 1233 (Colo. App. 1995) (holding that a non-party who was substantially aggrieved by the disposition of the case in the trial court has standing to appeal).

¶10    The People rely heavily on our opinion in *C.W.B., Jr. v. A.S.*, 2018 CO 8, 410 P.3d 438, for the proposition that a non-party seeking to appeal a trial court determination must show both that it suffered an injury in fact to a legally protected interest and that it was substantially aggrieved by a trial court decision. However, *C.W.B.* raised a very different question from that presented here. In *C.W.B.*, we were asked to consider whether foster parents who had been given a statutory right to intervene as a party in a trial court dependency and neglect proceeding thereby obtained automatic standing to appeal a juvenile court's ruling denying the termination of parental rights. *Id.* at ¶ 20, 410 P.3d at 443. The foster parents in *C.W.B.* were not non-parties to the termination proceedings; they had been granted a statutory right to intervene. The question we confronted was whether the right to intervene in the termination proceedings gave them a legally protected interest that they were entitled to pursue on appeal. We explained that the statutorily granted right to participate in a termination hearing as intervenors did not entitle foster parents to appeal a decision not to terminate where neither the State nor the guardian ad litem chose to do so. *Id.* at ¶ 28, 410 P.3d at 445.

7

¶11 Our focus in *C.W.B.*, while contextually unique, was consistent with the appropriate inquiry to determine standing when a non-party seeks to appeal a trial court decision. The foster parents in *C.W.B.* had been given a statutory right to participate as a party in the termination proceedings, and they did participate in those proceedings. *Id.* at ¶ 1, 410 P.3d at 440. But they did not have a legal interest in a particular outcome to those proceedings. For that reason, they were not "aggrieved" by the decision of the trial court. The statutory right to intervene at issue in *C.W.B.* distinguishes that case from the traditional dispute over non-party standing to appeal. The inquiry, however, is much the same: Did the decision of the trial court "substantially aggrieve" the non-party in the sense that it denied that non-party a claim of right or imposed upon it a substantial burden or obligation? *See Evans*, 926 P.2d at 1223; *C.A.G.*, 903 P.2d at 1233.

¶12 We have not previously elaborated on what a non-party must demonstrate to show a "substantial burden." The inquiry will necessarily be fact-specific. The court of appeals concluded that the burden imposed on the Department by the district court's order did not rise to the level of a "substantial grievance" because it did not impose a "unique or onerous" burden on the Department. *D.Z.B.*, ¶ 52. But we have never held that a burden must be "unique or onerous" to confer standing on a non-party to appeal a district court's decision. And where a final court order requires a non-party agency to act in a manner that the agency believes is prohibited by law, that order imposes a substantial burden on the agency. In that instance, the agency must choose between conflicting commands of two co-equal branches of government. An agency in that bind has standing to appeal the trial court's order.

8

¶13 We therefore reverse the division's decision and remand this case for application of the correct standing analysis and consideration of the remaining threshold issues raised by D.Z.B.'s counsel.

## III. Conclusion

¶14 In concluding that the Department lacked standing to appeal the district court's order, the court of appeals erroneously merged the two-prong legal injury test to determine whether a party has standing to sue with the substantially aggrieved test used to determine whether a non-party has standing to appeal. Accordingly, we reverse and remand to the court of appeals to apply the correct standard and to consider any remaining issues.