23CA1874 Interest of Green 08-22-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA1874 Weld County District Court No. 22PR30540 Honorable Julie C. Hoskins, Judge In the Interest of, Roberta Louise Green, Protected Person/Ward, Anne B. Jorgensen, Jorgensen, Brownell & Pepin, P.C., Appellant, v. Roberta Louise Green, Appellee. ORDERS AFFIRMED Division II Opinion by JUDGE FOX Grove and Sullivan, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced August 22, 2024 Jorgensen, Brownell & Pepin, P.C., Anne B. Jorgenson, Loveland, Colorado, for Appellant Anne Whalen Gill, L.L.C., Anne Whalen Gill, Castle Rock, Colorado, for Appellee 
1 ¶ 1 Anne B. Jorgensen, of Jorgensen, Brownell & Pepin, P.C., appeals the district court’s orders denying her request for compensation and costs pursuant to probate code section 15-10-
602(7)(b), C.R.S. 2023. We affirm the district court. I. Background ¶ 2 This appeal arises from an acrimonious dispute over the appointment of a guardian ad litem (GAL), conservators, and guardians for Roberta Louise Green, initiated by her daughter Leanna Green
1 on September 13, 2022. Leanna first nominated herself to be Roberta’s conservator, but the district court rejected this request. Instead, after a hearing on May 4, 2023, the district court adopted a stipulated agreement between Roberta (through her counsel), Roberta’s GAL, Leanna, and Roberta’s husband, John Green. The district court appointed John and Lisa LeFehr, a private guardian, to serve as co-guardians for Roberta and 1 Because of their shared last name, we respectfully refer to Roberta Green, Leanna Green, and Roberta’s husband, John Green, by their first names in this opinion. The record interchangeably spells Leanna’s name as “Leanna” and “Le Anna.” 
2 appointed Patrick Groom and Kent Naughton
2 of the Weld County Public Administrator’s Office to serve as conservators for her estate. ¶ 3 This appeal is limited to a review of the district court’s orders denying Leanna, through her counsel, Jorgensen, compensation and costs under section 15-10-602(7)(b). Leanna first submitted a motion for compensation on June 8, 2023, after the district court appointed Roberta’s conservators and guardians. She argued that, because “[t]he appointment of such agents and legal representatives are by their very nature beneficial to the ward and/or protected person and her Estate,” she was entitled to reasonable compensation for these efforts. ¶ 4 The district court rejected the motion on two grounds. It noted that while “Leanna Green did assist and support the ultimate resolution of the appointment of Conservator and Co-Guardians for her mother, Roberta Green . . . the court cannot find this was primarily her doing.” Because “the resolution in this matter was 2 Kent Naughton was added as a conservator because the original understanding was that Naughton, as a Deputy Public Administrator under Public Administrator Patrick Groom, had the authority to act on Groom’s behalf. Naughton testified that having both of their names listed as conservators made his work easier, however, so he was added with the consent of the parties. 
3 due to the very difficult and hard work of many persons, and not solely the primary work of Leanna Green,” the court rejected her request for compensation. Additionally, the district court noted that Roberta was indigent, so “[t]here simply are no funds available to grant the relief requested.” ¶ 5 Leanna later moved for reconsideration of the district court’s order. Leanna argued that the district court misapplied the statute and improperly considered factors detailed in sections 15-10-603(3) and -602(7)(c), C.R.S. 2023 — factors relevant to the reasonableness of the requested compensation — in addressing the propriety of compensation. According to Leanna, it was improper for the district court to conclude, in effect, that the parties’ collaboration precluded awarding the requested compensation. Leanna also argued that the district court did not hold a required hearing pursuant to section 15-10-604(4), C.R.S. 2023. Finally, Leanna claimed that the district court relied on incorrect facts by misstating the case’s procedural history, incorrectly finding that Roberta had no means to pay the request when she in fact had a one-third interest in her farm, and failed to consider Leanna’s role 
4 in the subsequent appointment of Roberta’s GAL, conservators, and guardians.
3 ¶ 6 On September 14, 2023, the district court again rejected the request. The court noted that it could not find that “the services provided by Leanna Green by and through her counsel . . . resulted in the Stipulation reached by the parties.” It found that “[c]ertainly, some services contributed to the stipulation. However, many other actions increased the costs in this case, including the responses to pro se pleadings which did not provide any legal bases for relief.” The district court also found that Leanna “through her own actions and requests for relief created conflict which, although, ultimately resolved . . . required the expenditure of more funds.” Finally, the district court reiterated that Roberta was indigent, and while she may have funds in the future, “she has not had funds available throughout these proceedings or currently.” ¶ 7 This appeal soon followed, raising the arguments the motion for reconsideration advanced — though Jorgensen, no longer representing Leanna, appeals on her and her firm’s behalf. 3 On August 3, 2023, Jorgensen and Jorgensen, Brownell & Pepin, P.C., withdrew as Leanna’s attorneys of record. 
5 Jorgensen preserved these issues in the motions for compensation and for reconsideration. See Gebert v. Sears, Roebuck & Co., 2023 COA 107, ¶ 25. II. Standard of Review and Standing ¶ 8 “We review the trial court’s legal conclusions de novo but defer to the court’s findings of fact when they are supported by the record.” In re Estate of Treviño, 2020 COA 125, ¶ 13. “We review a court’s application of procedural rules de novo. And to the extent our analysis requires us to interpret the probate code, statutory interpretation is a question of law that we review de novo.” In re Estate of Gonzalez, 2024 COA 63, ¶ 24 (citations omitted). We may affirm the district court on any ground supported by the record. See Laleh v. Johnson, 2017 CO 93, ¶ 24. ¶ 9 We first conclude that Jorgensen has standing to appeal the district court’s orders. As the Colorado Supreme Court has explained, “an individual or entity who was not a party to a lower court proceeding must demonstrate standing to appeal that decision . . . [but] may appeal a lower court’s decision if the party has been injured by the disposition of the case.” Arapahoe Cnty. Dep’t of Hum. Servs. v. People in Interest of D.Z.B., 2019 CO 4, ¶ 8. 
6 But a non-party must specifically show they suffered a “substantial grievance,” a fact-specific determination, which “exists when the lower court’s decision denies a non-party some claim of right or imposes upon it a substantial burden or obligation.” Id. at ¶¶ 8, 12. ¶ 10 Here, section 15-10-602(7)(b) explicitly provides that “the lawyer or other person not appointed by the court may receive costs and reasonable compensation” if they meet the statutory criteria. (Emphasis added.) Therefore, a lawyer who is denied compensation for her services, even if not a party at the district court level, may appeal an order denying this compensation. See Arapahoe Cnty., ¶ 8. III. Applicable Law ¶ 11 Section 15-10-602(7)(b) of the probate code provides that “[i]f a lawyer or another person not appointed by the court provides services that result in an order beneficial to the estate, respondent, ward, or protected person, the lawyer or other person not appointed by the court may receive costs and reasonable compensation from the estate.” This is an exception to the default rule that a “nonfiduciary or his or her lawyer is not entitled to receive compensation from an estate.” § 15-10-602(7)(a). 
7 ¶ 12 The district court has discretion to determine if a requesting party provided a compensable benefit to an estate. See § 15-10-
602(7)(b)(II) (the district court must “determine, without a hearing, the benefit, if any, that the estate received from the services provided”) (emphasis added); § 15-10-602(7)(b)(III) (after a party requests compensation, a court need only hold a hearing to determine the reasonableness of the compensation “[i]f the court determines that a compensable benefit resulted from the services”). Such services include those that are “significant, demonstrable, and generally noncumulative services that assist the court in resolving material issues in the administration of an estate.” § 15-10-
602(7)(d). ¶ 13 This may include efforts that “result in significantly increasing or preventing a significant decrease in the size of the estate, preventing or exposing maladministration or a material breach of fiduciary duty, or clarifying and upholding a decedent’s, settlor’s, principal’s, respondent’s, ward’s, or protected person’s intent with respect to a material issue in dispute.” Id. ¶ 14 At issue here is the district court’s determination of whether Leanna, through Jorgenson’s representation, provided a 
8 compensable benefit to Roberta’s estate. Jorgensen contends that the district court erred by considering factors relevant to the reasonableness of the requested compensation — namely, the number of parties involved, and the nature, size, and liquidity of the estate — while misinterpreting the relevant facts. ¶ 15 Because the record supports the district court’s determination, see Gonzalez, ¶ 24, and a hearing was not required, see § 15-10-
602(7)(b)(IV); § 15-10-604, we affirm the district court’s orders. IV. Analysis A. Section 15-10-602(7)(b) Allows a District Court to Consider the Factors in Sections 15-10-602(7)(c) and -603(3) ¶ 16 The district court may consider the nature, size, and liquidity of an estate, § 15-10-603(3)(d), and the number of parties involved in a property matter, § 15-10-602(7)(c)(II), when determining whether a party has conferred a benefit to an estate that warrants compensation. Indeed, section 15-10-602(7)(b)(III)’s mention that the district court must determine if a party provided a “compensable benefit”
4 indicates that the district court should consider the 4 Black’s Law Dictionary defines compensable as “[c]apable of being or entitled to be compensated for.” Black’s Law Dictionary 356 (12th ed. 2024). 
9 nature, size, and liquidity of an estate at this stage. (Emphasis added.) If an estate has no assets, it is necessarily incapable of compensating a party for any benefit, regardless of that party’s efforts. ¶ 17 Similarly, the court may consider the number of parties involved in the probate action. Section 15-10-602(7)(d) details that compensable services include those that are “significant, demonstrable, and generally noncumulative services that assist the court in resolving material issues in the administration of an estate.” Individual efforts, when considered in the context of contributions by multiple parties, could be so insignificant or immaterial that no compensable benefit exists. ¶ 18 If the district court could never consider these factors, or any other considerations besides whether a party helped resolve a probate dispute in some manner — no matter how small their efforts — it would unduly interfere with the district court’s threshold obligations under section 15-10-602(7)(b)(II) and (III). The probate code grants the district court broad discretion to determine whether a party provided compensable benefits to an estate. See § 15-10-602(7)(d) (identifying factors “[b]y way of example and not 
10 limitation” that the court may consider when determining whether services conferred a benefit); see also Skyland Metro. Dist. v. Mountain W. Enter., LLC, 184 P.3d 106, 117 (Colo. App. 2007) (Statutes should be construed “in a manner giving consistent, harmonious, and sensible effect to all its parts. . . . [A] court should not interpret a statute in ways that defeat the legislature’s obvious intent or render part of the statute either meaningless or absurd.”) (citations omitted); Est. of Breeden v. Gelfond, 87 P.3d 167, 175 (Colo. App. 2003) (“In general, absent a specific prohibition, the trial court has discretion over the award of costs.”); Nguyen v. Reg’l Transp. Dist., 987 P.2d 933, 936 (Colo. App. 1999) (“Generally, a trial court has broad discretion in awarding costs and its decision will not be overturned on appeal absent an abuse of that discretion.”). ¶ 19 Moreover, even if the factors identified in section 15-10-
602(7)(c) could not be considered by the court when determining whether a compensable benefit was conferred, reversal is still not required. The district court found that the case’s “ultimate resolution” was not “primarily” the result of Leanna’s efforts but rather “due to the very difficult and hard work of many persons.” In 
11 other words, the district court determined that Leanna’s efforts did not amount to “significant” and “generally noncumulative services” that assisted the court in resolving the material issues before it — criteria that must be met under section 15-10-602(7)(d) before the court can find that a person’s services conferred a benefit. B. The Record Supports the District Court’s Determination ¶ 20 Jorgensen points to three factual issues as grounds to reverse the district court’s orders. Jorgensen argues that the district court (1) mistakenly stated that Leanna requested to be Roberta’s guardian; (2) failed to consider Roberta’s one-third interest in her farm when concluding that Roberta was indigent; and (3) failed to consider the benefits of her efforts leading to the appointment of the GAL, guardians, and conservators for Roberta. ¶ 21 To the extent the court misstated the case’s procedural history — by suggesting that Leanna wanted to serve as a guardian rather than a conservator — such a misstatement is harmless because it did not affect Leanna’s or Jorgensen’s substantial rights. C.R.C.P. 61; see also Mendy Brockman Disability Tr. v. Colo. Dep’t of Health Care Pol’y & Fin., 2022 COA 75, ¶ 45 (“[W]e reverse only if the error resulted in substantial prejudice to a party. An error is 
12 harmless if the court reached the correct outcome.”) (citation omitted). ¶ 22 Next, the record supports the district court’s determination that Roberta lacked funds to compensate Jorgensen. Jorgensen confirmed in a hearing that, beyond the few hundred dollars a month Roberta made from social security, she was unaware of any other sources of income to dispute the court’s indigency finding. ¶ 23 Furthermore, the district court was aware that Roberta claimed a one-third joint tenancy property interest in her farm. But the court was also aware that the farm was the subject of an active dispute over whether Leanna was properly listed on the deed along with Roberta, and how this would affect Roberta’s Medicaid coverage. It is not unreasonable to conclude that this one-third property interest — held in joint tenancy at the time and the subject of an active property dispute — was unavailable as a source of liquid funds to compensate Jorgensen. As the district court’s second order so recognized, “While Respondent at some point in the future may have funds, she has not had funds available throughout these proceedings or currently.” Accordingly, the record supports 
13 the district court’s refusal to rely on Roberta’s illiquid assets to compensate Jorgenson. ¶ 24 Finally, the district court did recognize that Leanna and Jorgensen’s efforts contributed to the ultimate appointment of the GAL, conservators, and guardians for Roberta. It simply found that those efforts did not rise to the level of a compensable benefit, and the record supports this finding. ¶ 25 The stipulation was the result of months of effort by Leanna and Roberta, through their respective counsel, Roberta’s GAL, and John. And, contrary to Jorgensen’s contentions, refusing to award her compensation does not discourage civil settlements or improperly conclude that collaboration amongst the parties in an estate dispute precludes an award. ¶ 26 The district court’s order effectively recognized that there is nothing particularly significant about Leanna, via Jorgensen, filing the initial conservatorship petition or first nominating a conservator or guardian ahead of the stipulated agreement. See § 15-10-
602(7)(d) (compensable services includes those that are “significant” and “generally noncumulative”). The ultimate resolution of the case resulted from sustained efforts among all involved parties, each of 
14 whom represented their own various interests. It was not an abuse of discretion for the district court to conclude, as it did here, that when multiple parties are involved, one party’s contributions may not be significant enough to warrant compensation under section 15-10-602(7)(d). ¶ 27 Because the district court’s factual findings have record support, or are harmless if incorrect, we defer to them. See Treviño, ¶ 13. Thus, the district court did not abuse its discretion and the challenged orders do not warrant reversal. C. The District Court Was Not Required to Hold a Hearing on the Request for Compensation ¶ 28 Next, Jorgensen contends that the district court erred by failing to hold a hearing on the reasonableness of her requested compensation pursuant to sections 15-10-602(7)(b)(IV) and -604.
5 ¶ 29 Because we affirm the district court’s finding that Leanna and Jorgensen did not confer a compensable benefit upon Roberta’s estate, the district court was not required to hold a hearing. See 5 While Jorgensen did not fully comply with the preservation requirements of C.A.R. 28(a)(7)(A) on this issue, “the deficiencies in her [opening] brief do not hamper our ability to conduct a meaningful appellate review.” In re Parental Responsibilities Concerning D.P.G., 2020 COA 115, ¶ 14. 
15 § 15-10-602(7)(b)(II)-(III). After Jorgensen requested compensation, the district court was only required to “determine, without a hearing, the benefit, if any, that the estate received.” § 15-10-602(7)(b)(II) (emphasis added). The district court found that there was no compensable benefit, so Jorgensen was not entitled to a hearing. See § 15-10-602(7)(b)(II). D. Jorgensen is Not Entitled to Appellate Attorney Fees and Costs ¶ 30 Lastly, without factual support or legal argument, Jorgensen requests an award of her costs and appellate attorney fees pursuant to C.A.R. 39 and 39.1. Because we affirm the district court, however, any “costs are taxed against the appellant.” C.A.R. 39(a)(2); see also Cikraji v. Snowberger, 2015 COA 66, ¶¶ 22-23 (where appellant’s claims on appeal were partially dismissed with prejudice and otherwise the judgment is affirmed, “under C.A.R. 39(a), appellant will be responsible for the costs . . . on appeal”). ¶ 31 Furthermore, because Jorgensen requests appellate attorney fees pursuant to Rule 39.1 without legal or factual supporting arguments, she is not entitled to attorney fees. C.A.R. 39.1 (“[T]he principal brief of the party claiming attorney fees must include a specific request, and explain the legal and factual basis, for an 
16 award of attorney fees. Mere citation to this rule or to a statute, without more, does not satisfy the legal basis requirement.”) (emphasis added); see also In re Marriage of Schlundt, 2021 COA 58, ¶ 53. V. Disposition ¶ 32 We affirm the district court’s orders. JUDGE GROVE and JUDGE SULLIVAN concur.